IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN STEPHEN KIRABIRA, #089-319-256, Plaintiff, | ) ) ) ) | |
| v. | ) | 3:08-CV-1025-B |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, Defendant. | ) ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Parties: Plaintiff is confined at the Rolling Plains Detention Center in Haskell, Texas, pending his removal. ICE is the sole Defendant named in the complaint.

The court did not issue process in this case, pending preliminary screening. The magistrate judge twice issued a questionnaire to Plaintiff who filed his answers thereto on July 8, 2008, and September 18, 2008. In answer to the supplemental questionnaire, Plaintiff seeks to name six ICE's employees as defendants: Deportation Officer Gilbert De La Cruz, Deportation Officer Bradley E. Czechowicz, Immigration Enforcement Agent Gerald R. Hutt, Jr., Immigration Enforcement Agent Tracey Evans, Field Office Director Nuria T. Prendes, and an

unidentified deportation officer supervisor.

Statement of Case: The complaint, supplemented by the answers to the magistrate judge's questionnaires, seeks to raise FTCA and *Bivens* type claims. Plaintiff alleges that Defendants denied him food, medical care and access to a hospital for three days, from June 9 until June 12, 2008, when was transferred from the Rolling Plains Detention Center to ICE Dallas Field Office to effect his removal. He further alleges that Officer DelaCrux and Hutt used excessive force on June 11, 2008, when Plaintiff collapsed while attempting to board a plane at Dallas Fort Worth International Airport (DFW). Plaintiff seeks monetary relief.

The complaint alleges the following litany of events:[1]

At 4:00 a.m. on June 9, 2008, Plaintiff was transferred from the Rolling Plains Detention Center to BICE Dallas Field Office without breakfast. Having had his last meal the evening before, Plaintiff unsuccessfully requested several officers to bring him something to eat. He was hungry and feared that his ulcers would "react." At noon, Plaintiff was served cold ham sandwiches, which were "not good." He allegedly began to vomit and informed the officers at the BICE Office that he was weak and suffered from "serious chest, intestine pain." Late that evening, Plaintiff was moved to a jail in Euless, Texas, for the night. There he was served the same cold ham sandwich for dinner and breakfast, which Plaintiff vomited on both occasions. Plaintiff's legs began to get weaker and he remained hungry.

Following breakfast on June 10, 2008, Plaintiff was transferred to the BICE Dallas office and placed in a holding cell, where he remained without food or medical assistance. At noon, the same ham sandwiches were served. Plaintiff unsuccessfully requested for different food,

---

[1] The complaint was not signed under penalty of perjury.

medical assistance, and a hospital. All requests were denied although Plaintiff experienced "serious pain, vomiting, weakening, dizz[iness], loss of water . . . ." Around 3:00 p.m., Plaintiff moved to a jail in Bedford, Texas, for the night. Plaintiff continued to feel "very weak, serious internal pain, [and] weakening in the legs." He again vomited the evening meal, a "poor chicken sandwich."

At 2:41 a.m. (now June 11, 2008), Plaintiff was rushed to the emergency room at HEB Memorial Hospital in Bedford, because of "serious chest, intestine pain, ulcers reacted real bad, legs were paralyzed could not feel them, all the body was very weak lots of fluids from the mouth, had problems breathing." (Complaint at 4). The emergency room doctor examined only Plaintiff's chest and prescribed over the counter medication. Since Plaintiff could not speak properly, he allegedly was unable to explain to the doctor that he had not been given any medication nor fed proper meals. During the early morning hours, Plaintiff was released from the emergency room and returned to the Bedford Jail without medication or food. Around, 9:00 a.m. Plaintiff was transported to ICE Dallas Field Office and placed in a holding cell, without food or medication until about 2:50 p.m., when he was served a hot meal. Although Plaintiff had lost his sense of taste, he ate "a little and vomiting occurred."

At 3:15 p.m., Plaintiff was transported to the Dallas Fort Worth International Airport (DFW) to catch a flight, although weak, sick and hungry. The deportation officers, escorting Plaintiff, allegedly denied his request for food and ignored the emergency room medical instructions that he be given over the counter pain medications. Although the officers supported Plaintiff as he walked to board the flight, he eventually collapsed to the ground unable to get up. He explains that "he was paralyzed, [in] serious pain," and that his condition was "life

threatening." (Complaint at 6). Despite his situation, the officers allegedly confiscated his emergency room instructions, forcefully pulled his hands behind his back aggravating his chest pain, and dragged him to a holding cell to await transportation back to the Euless Jail.[2]

Findings and Conclusions: The court must first examine the threshold question of whether it has subject matter jurisdiction over Plaintiff's FTCA claim. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); In re *Moody*, 849 F.2d 902, 904 (5th Cir. 1988).

Plaintiff's FTCA claim is subject to dismissal for want of jurisdiction. The proper Defendant in an FTCA claim is the United States, not the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988). Even if Plaintiff had named the United States as a defendant, it is clear that he did not exhaust his administrative remedies. (*See* answer to Supplemental Question 1). Exhaustion of administrative remedies is a jurisdictional pre-requisite under the statute. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 81 F.3d 520, 520-21 (5th Cir. 1996); *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).

The court addresses next Plaintiff's *Bivens* claims against the individual Defendants, named for the first time in answers to the magistrate judge's supplemental questionnaire. Since Plaintiff paid the filing fee and is an ICE detainee not a prisoner, as that term is defined in 28

---

[2] In answer to the Supplemental Questionnaire, Plaintiff seeks to raise claim relating to his arrest by Baylor Police Officers on March 29, 2007 (*see* Answer to Supp. Question 3 at 4). Such a complaint is unrelated to the claims at issue in this case and will not be addressed further.

U.S.C. § 1915A(c), the court cannot screen his complaint under § 1915A(a). Nevertheless, the court can make a Rule 12(b)(6) ruling *sua sponte*, as long as it gives the Plaintiff notice and an opportunity to respond. *See Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 642-643 (5th Cir. 2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Plaintiff has had two opportunities to plead his best case in response to the Magistrate Judge's questionnaire. He will have an additional opportunity to respond to this recommendation during the ten-day objection period. *See* Notice *infra*.³

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

To maintain a *Bivens* claim against defendants in their individual capacities, Plaintiff must allege facts demonstrating that they caused him to suffer a deprivation of a right or interest protected by the Constitution. *Cronn v. Buffington,* 150 F.3d 538, 544 (5th Cir.1998); *Davis v. Passman,* 99 S.Ct. 2264, 2278 (1979). The Fifth Circuit considers the situation of an immigration detainee equivalent to that of a pretrial detainee; a pretrial detainee's constitutional

---

   ³   *See Ojo v. INS*, 106 F.3d 680, 682 (5th Cir. 1997) (holding that an alien detainee was not a prisoner under the filing fee provision of the Prison Litigation Reform Act). *See also Preval v. Reno*, 203 F.3d 821, 2000 WL 20591 (4th Cir. 2000) (unpublished per curiam) (relying on *Ojo* to hold that § 1915A screening provision applies "only to prisoners, and that the circumstance of Preval's confinement as an INS detainee are not encompassed within the statutory definition of 'prisoner.'"). In *Preval*, however, the Fourth Circuit affirmed the *sua sponte* dismissal of his case for failure to state a claim.

claims are considered under the due process clause instead of the Eighth Amendment. *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1871 (1979)). Since the alleged abuse occurred after Plaintiff had been in detention for a significant period of time, the Fourth Amendment does not apply. *Valencia v. Wiggins,* 981 F.2d 1440, 1443 (5th Cir.1993). Moreover, because defendants are federal officers, the Fifth Amendment's Due Process Clause applies to all of Plaintiff's conditions of confinement claims.

Plaintiff complains that Defendants denied him food, medications and access to the hospital for three days. The Fifth Circuit has held that liability for conditions of confinement, including medical care, attaches only when a prison official's failure to act amounts to subjective deliberate indifference to a pretrial detainee's rights. *Edward v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000); *Hare v. City of Corinth,* 74 F.3d 633, 643, 648 (5th Cir.1996). Subjective deliberate indifference means that "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650.[4]

Plaintiff does not allege facts which rise to subjective deliberate indifference. He allegedly suffered from intestinal problems, which rendered him weak, and which worsened because of the type of food served. Yet, Plaintiff does not allege any facts to establish that he faced a substantial risk of serious harm, or that the defendants were aware of such risk. Plaintiff concedes that his condition was temporary, and that he was provided food albeit not in sufficient quantity or of a type adequate for his intestinal problems. Plaintiff was even brought to the

---

[4] This standard applies to claims which arise from "episodic acts or omissions" rather than "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare,* 74 F.3d at 643.

emergency room in the early morning hours of June 11, 2008, where he was examined and prescribed over the counter medications.

Next Plaintiff seeks to sue ICE Field Officer Tracey Evans for "breach[ing] his duty of reasonable care to Plaintiff [when he] failed to follow BICE National Detainee Handbook . . . to provide nutritious meals three times a day both at detentions and processing centers." (*Id.*). Such conclusory allegation does not plead sufficient facts to state a claim of subjective deliberate indifference to a pretrial detainee's rights. Moreover, insofar as Plaintiff contends that Evan's conduct amounted to negligence, his claim is not actionable under *Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding negligence is not cognizable under § 1983); *Humphries v. Various Federal USINS Employees,* 164 F.3d 936, 951 (5th Cir. 1999) (in order to prevail in any *Bivens* action, [claimants] must both prove a deliberate abuse of governmental power rather than mere negligence, ... and overcome the defense of qualified immunity).

Plaintiff also alleges that Officers DelaCruz and Hutt used excessive force when he collapsed to the floor while he was being escorted to board a flight at DFW airport. (Answer to Suppl. Question 3).

In considering a pretrial detainee's claims against a state prison official, the Fifth Circuit held that it is "impractical to draw a line between convicted prisoners and pretrial detainees" in excessive force cases. *Valencia,* 981 F.2d at 1146. The court then applied the Supreme Court's Eighth Amendment standard even though the plaintiff's claims technically arose under the Fourteenth Amendment. *Id.; see also United States v. Daniels,* 281 F.3d 168, 179 (5th Cir.2002) (explaining the court's holding in *Valencia* ). The appropriate standard focuses on "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and

sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 8, 112 S. Ct. 995, 998 (1992); *Whitley v. Albers,* 106 S.Ct. 1078, 1085 (1986); *Valencia,* 981 F.2d at 1146. *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993). The above standard includes both an objective and a subjective component. Under the objective component, a court must determine whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302, 111 S. Ct. 2321 (1991)). Under the subjective component, the plaintiff must allege facts that show that the defendant acted "maliciously and sadistically to cause harm . . . ." *Id.* at 7.

Kirabira allegedly collapsed to the floor unable to board the commercial flight with the deportation officers. His own allegations confirm that he was unable to move because "he was paralyzed [sic], [and in] serious pain . . . ." (Complaint at 6). Evidently this caused a commotion, which required the officers to act quickly to restore order so that the other passengers could begin/resume boarding the flight. According to Plaintiff, the officers "used excessive force by putting his hands on his back with a lot of pressure . . [although] they knew he had chest pain . . . ." (*Id.*). This apparently "enlarged his chest . . . [and] increased the pain . . . ." (*Id.*). Plaintiff does not specify whether the officers handcuffed him at that point. Nevertheless, under the circumstances at issue, the alleged pressure to Plaintiff's back was not harmful enough to rise to a constitutional violation. Moreover, since Plaintiff either could not or would not move, the officers had not choice but to drag him to a holding cell at DFW Airport to wait for the transport van.

In answer to the supplemental questionnaire, Plaintiff complains for the first time that Officers DelaCruz and Hutt "slammed him on the wall." (Answer to Suppl. Quest. 3). He fails

to provide any details as to where and when the alleged slamming on the wall occurred or what injury, if any, he endured as a result of the alleged slamming. Such a conclusory allegation is insufficient to plead an excessive force claim.[5]

Lastly, Plaintiff seeks to sue Director Prendes, an unidentified supervisor, and Deportation Officer Czechowicz, for their supervisory authority. Plaintiff does not allege facts that indicate personal involvement or acquiesce in the alleged constitutional deprivations on the part of these Defendants. An individual cannot be held liable in a *Bivens* action unless he was personally involved or participated in alleged unconstitutional actions. *Guerrero-Aguilar v. Ruano*, 118 Fed.Appx. 832, 833 (5th Cir. 2004) (unpublished per curiam) (*Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement). Nor can an individual be held liable in a *Bivens* action pursuant to a theory of respondeat superior. *Cronn v. Buffington*, 150 F.3d 538, 545 (5th Cir. 1998) ("There is no doctrine of respondeat superior in *Bivens* actions, and thus supervisory federal officials may be held liable only upon two bases: personal involvement in the acts causing the deprivation of a person's constitutional rights, or implementation of a policy so deficient that the policy itself acts as a deprivation of constitutional rights.").

---

[5] In *Brown v. Lippard,* 472 F.3d 384, 386 (5th Cir. 2006), the Fifth Circuit recognized that there is some ambiguity in the case law as to whether a plaintiff must prove more than *de minimis* injuries in order to state an excessive force claim. Ultimately, however, the *Brown* court declined to resolve this ambiguity, because the plaintiff suffered more than a *de minimis* injury in that case. *Id.*

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's FTCA claim be dismissed *sua sponte* for want of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that Plaintiff's *Bivens* claims be DISMISSED *sua sponte* with prejudice for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6).

It is further recommended that Plaintiff's motion for release on probation or parole be DENIED because it is not cognizable in this civil rights action.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 28th day of October, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.